FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT L., | No. 2:21-CV-00095-JAG |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 19, 22. Attorney Chad Hatfield represents Robert L. (Plaintiff); Special Assistant United States Attorney Lisa Goldoftas represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## I.   JURISDICTION

Plaintiff filed an application for Supplemental Security Income on January 10, 2019, alleging disability beginning February 1, 2013, due to asthma, sleep apnea, insomnia, panic attacks, somatic symptom and related disorder, and back pain. Tr. 104-05. The application was denied initially and upon reconsideration. Tr. 132-35, 139-45. Administrative Law Judge (ALJ) Mark Kim held a hearing on July 20, 2020, Tr. 56-82, and issued an unfavorable decision on September 29, 2020. Tr. 17-27. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on December 23, 2020. Tr. 1-5. The ALJ's September 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on February 23, 2021. ECF No. 1.

## II.   STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was born in 1994 and was 24 years old when he filed his application. Tr. 26. He has an 11th grade education, and his only work experience was working a few days at a carnival in 2012. Tr. 61, 75-76, 219. He has alleged disability based on a combination of physical and mental impairments as set forth herein and in the record before the Court.

## III.   STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at

1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V.     ADMINISTRATIVE DECISION

On September 29, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-27.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 20.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder, personality disorder, pneumothorax, asthma, and cannabis abuse. *Id.*

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21-22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light exertion work, with the following additional limitations:

> [H]e can never climb ladders, ropes, or scaffolds; he must avoid unprotected heights and avoid occasional exposure to pulmonary irritants such as dust and smoke; he can perform simple, routine, and unskilled tasks with only occasional and simple changes in the work setting; and work involving only occasional and superficial interaction with the public and only superficial interaction with coworkers.

Tr. 22.

At **step four**, the ALJ found Plaintiff had no past relevant work. Tr. 26.

At **step five**, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of housekeeper, routing clerk, and collator-operator. Tr. 26-27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date through the date of the decision. Tr. 27.

## VI. ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by: (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting somatic symptom disorder as a severe impairment at step two; (3) failing to find Plaintiff disabled at step three; (4) improperly rejecting Plaintiff's subjective complaints; and (5) conducting an inadequate step five analysis.

## VII. DISCUSSION

A.  **Medical Opinion Evidence.**

Plaintiff argues the ALJ improperly disregarded the opinions from Dr. Breedlove, Dr. Mitchell, and Dr. Kendall. ECF No. 19 at 8-14.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity

with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

1. **_Dr. Dominika Breedlove and Dr. Melanie Mitchell._**

Plaintiff attended a consultative psychological exam with Dr. Breedlove in December 2018, the month prior to filing his SSI application. Tr. 419-23. Dr.

Breedlove noted diagnoses of unspecified somatic symptoms and related disorder (rule out somatic symptom disorder pending more information), and unspecified anxiety disorder (rule out PTSD). Tr. 421. She opined Plaintiff would be markedly impaired in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; maintain appropriate behavior in a work setting; complete a normal work day and work week without interruptions from psychologically based symptoms; and set realistic goals and plan independently. *Id.* She otherwise found Plaintiff had none to moderate limitations in other work-related areas of functioning. *Id.*

The ALJ found this opinion to be unpersuasive, noting the limitations were inconsistent with the generally moderate exam findings noted in the report, and finding the opinion to be inconsistent with the relatively normal findings throughout the record (outside of an exacerbation in the summer of 2019). Tr. 25-26. The ALJ further noted that the evaluation was performed just prior to the relevant period and therefore was not especially representative of Plaintiff's subsequent functioning. *Id.*[2]

Plaintiff argues the report contains sufficient findings with respect to focus and concentration to support the marked limitations Dr. Breedlove assessed, and

---

[2] The ALJ also found that Dr. Breedlove's explanation regarding Plaintiff's nonexistent work history and poor insight improperly comingled reasons for limiting Plaintiff that were not related to his medically determinable impairments. Tr. 25. However, this portion of Dr. Breedlove's opinion related specifically to her statement that vocational training or services may minimize or eliminate barriers to employment, and was not offered as justification for the specific work-related limitations she assessed. Tr. 422. Therefore, this reasoning is not relevant to the ALJ's rejection of Dr. Breedlove's opinion.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

argues that the record shows significant mental health symptoms throughout the relevant period and not just during the summer of 2019. ECF No. 19 at 8-10. Defendant argues the ALJ reasonably found the opinion to be inconsistent with the longitudinal evidence and unsupported by the mostly moderate findings on exam. ECF No. 22 at 11-13. Defendant further notes that Dr. Breedlove herself acknowledged the problematic nature of her assessment, noting the scope of the exam was limited for a case of this complexity. *Id.* at 13.

The Court finds the ALJ did not err. With respect to supportability, the ALJ reasonably found the assessed limitations to be inconsistent with the generally moderate findings. Tr. 25. While Dr. Breedlove noted limited insight and excessive focus on somatic symptoms, the remainder of the mental status exam was within normal limits. Tr. 422-23. With respect to consistency, the ALJ noted the relatively unremarkable findings throughout the record other than the increase in symptoms in June 2019. Tr. 24, 26. Other than presenting as tearful at a counseling appointment in October 2019 (Tr. 463-64), the record contains no notable objective observations of Plaintiff's mental status outside of the June 2019 exacerbation. Though Plaintiff offers an alternative interpretation of the record, "when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The Court finds the ALJ reasonably discussed the most relevant factors in assessing the persuasiveness of Dr. Breedlove's opinion.

Following Dr. Breedlove's assessment, Plaintiff's DSHS file was reviewed by Dr. Melanie Mitchell. Tr. 493. Dr. Mitchell reviewed another assessment from 2017 and one treatment record, and indicated her agreement with the diagnoses and functional limitations assessed by Dr. Breedlove. *Id.* The ALJ found this opinion unpersuasive, as Dr. Mitchell reviewed only a small portion of the evidence from prior to the relevant period, and thus her opinion was subject to the same deficits in

supportability and consistency as applied to Dr. Breedlove. Tr. 26. The Court finds the ALJ did not err with respect to Dr. Mitchell because the assessment of Dr. Breedlove's opinion was sufficient.

### 2. *Dr. Lauren Kendall.*

Plaintiff's treating physician, Dr. Kendall, completed a medical source statement in August 2020. Tr. 495-97. She noted diagnoses of chronic low back pain, major depression vs. borderline personality disorder, seizures, and pneumothorax. Tr. 495. She opined Plaintiff was limited to light work, would miss four or more days of work per month, would be off-task 30% of the time, and that work would cause his condition to deteriorate as his mood disorder worsens with stress of any kind. Tr. 495-97.

The ALJ found this opinion unpersuasive, noting it was unsupported by the largely unremarkable treatment notes outside of Plaintiff's mental status in June 2019. Tr. 25. The ALJ further noted that Dr. Kendall only saw Plaintiff twice during the relevant period, and that the rest of the medical evidence showed few findings of distress and minimal care for physical complaints. *Id.*

Plaintiff argues that the lack of findings in the record does not indicate Plaintiff was stable and functioning normally, but rather is a reflection of his lack of treatment, which is a factor of his mental condition. ECF No. 19 at 11-12. Plaintiff further argues that the ALJ overlooked the nature of Plaintiff's somatic symptom disorder, which tends to support the disabling opinion in the absence of severe objective findings. *Id.* at 12-13. Defendant argues the ALJ reasonably found the treatment notes to be largely unremarkable and unsupportive of the extreme limitations and to be inconsistent with the medical evidence at large, which did not contain treatment or findings consistent with Dr. Kendall's opinion. ECF No. 22 at 14-16.

The Court finds the ALJ did not err. The ALJ reasonably discussed the most important factors of consistency and supportability, and reasonably interpreted the

records as not containing sufficient remarkable findings from either Dr. Kendall or other providers to support the extent of the limitations assessed. Though Plaintiff points to his somatic symptom disorder as the explanation for the lack of supportive physical findings, Dr. Kendall did not include this as a diagnosis. Tr. 495. As discussed further below, the ALJ did not err in excluding this as a severe impairment. Therefore, the Court finds no error in the ALJ's discussion of Dr. Kendall.

B.     **Plaintiff's Subjective Complaints.**

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 19 at 17-20.

It is the province of the ALJ to make determinations regarding a claimant's subjective reports. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 23. Specifically, the ALJ found Plaintiff's allegations to be undermined by the largely unremarkable physical evidence, no more than moderate psychological findings, Plaintiff's conservative treatment and refusal of medication, his unusually high symptom reports without associated objective findings, and his exceptionally poor work history. Tr. 23-24.

Plaintiff argues the ALJ improperly rejected his allegations based on a lack of objective evidence, which is not a sufficient basis on its own. ECF No. 19 at 17.

He further argues that the lack of treatment is a factor of his mental health impairments, which lead to anxiety and difficulty leaving the house, including for seeking medical treatment. *Id.* at 17-19. Finally, he asserts that his weak work history is a function of his conditions and lifelong mental and physical abuse. *Id.* at 20. Defendant argues the ALJ reasonably interpreted the record in finding Plaintiff's allegations to be unsupported, and reasonably considered the factors of lack of treatment for supposedly severe impairments, unreliably high self-reports of symptoms, and a poor work history. ECF No. 22 at 3-9.

The Court finds the ALJ did not err. An ALJ may consider evidence of the type and effectiveness of treatments received in assessing the reliability of a claimant's symptom allegations. 20 C.F.R. § 416.929(c)(3); Social Security Ruling 16-3p. Furthermore, unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ reasonably considered the lack of treatment Plaintiff received for his supposedly disabling conditions in finding his reports to be unsupported. Tr. 23-24. While Plaintiff argues that it was his mental health that prevented him from seeking more treatment, the ALJ considered this explanation and found that it did not adequately explain the failure, particularly given his ability to seek medical attention when he needed to and the lack of even emergency visits for his mental impairments. Tr. 24. This was a reasonable interpretation of the record.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's interpretation of the record as lacking in objective findings to support Plaintiff's alleged physical and mental limitations is reasonable.

Finally, the Ninth Circuit has held that an ALJ may consider a claimant's lack of work history in assessing the reliability of their alleged disability. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ's finding that the claimant had limited work history and "has shown little propensity to work in her lifetime" was a specific, clear, and convincing reason for discounting the claimant's testimony.). Plaintiff's only work experience was working for a few days at a carnival. Tr. 75-76.

Accordingly, the ALJ gave clear and convincing reasons for finding Plaintiff's subjective reports to be unreliable and the ALJ did not err in assessing Plaintiff's subjective complaints.

C.  **Step Two.**

Plaintiff argues the ALJ erred in failing to find somatic symptom disorder to be a severe impairment. ECF No. 19 at 14-15.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 416.920(a)(ii). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.922(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

The ALJ identified several severe impairments at step two, including major depressive disorder, personality disorder, pneumothorax, asthma, and cannabis abuse. Tr. 20. The ALJ additionally found Dr. Breedlove's diagnosis of unspecified somatic symptom disorder to not be medically determinable, as it was

not repeated by any of the treating providers and the longitudinal medical evidence did not provide sufficient objective evidence to establish it as an impairment. Tr. 21.

Plaintiff argues the ALJ erred by failing to find somatic symptom disorder to be a severe medically determinable impairment, as the standard is not whether other providers diagnosed it, but whether it causes limitations on the individual's ability to work. ECF No. 19 at 14-15. Plaintiff argues the record shows his tendency to focus on his somatic complaints, and thus the ALJ harmfully erred in rejecting it as a severe impairment. *Id.* Defendant argues the ALJ reasonably concluded this was not a medically determinable impairment, as Dr. Breedlove's diagnosis was "unspecified" and a "rule out" diagnosis pending more information, and that the record did not contain any other provider's diagnosis of this condition. ECF No. 22 at 16-17. Defendant further argues that even if the ALJ erred, it was harmless as the ALJ did not conclude the analysis at step two and reasonably considered all of Plaintiff's combined symptoms. *Id.* at 18.

The Court finds the ALJ did not err. The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). Because the ALJ did not end the analysis at step two, any error in the precise labeling of Plaintiff's mental health diagnoses is harmless. Other than the limits assessed by Dr. Breedlove, which the ALJ appropriately found to be unpersuasive, Plaintiff has not identified any functional limits stemming from his supposed somatic symptom disorder that were not accounted for under the diagnoses of major depressive disorder and personality disorder. Therefore, the ALJ did not err.

#### D. Step Three.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

Plaintiff argues the ALJ erred in failing to find his mental conditions met or equaled one of the 12.00 Listings, in combination or specifically Listing 12.07 for somatic disorders. ECF No. 19 at 15-16. Plaintiff further argues the ALJ erred in summarily finding the "Paragraph C" criteria were not met despite evidence of Plaintiff becoming easily overwhelmed and losing the ability to function adequately. *Id.* at 16. Defendant argues the ALJ reasonably discussed the Paragraph B criteria and asserts Plaintiff has failed to advance any plausible theory for how the criteria of any listing are met or equaled. ECF No. 22 at 18-20.

The Court finds the ALJ did not err. Plaintiff has not offered any analysis of the record or pointed to any objective evidence establishing the criteria of the listings. ECF No. 19 at 15-17. To the extent Plaintiff implies a listing would have been met or equaled had the ALJ credited any of the medical opinions he found to be unpersuasive, the Court finds the ALJ did not err with respect to the evaluation of the medical opinions. Accordingly, this argument is without merit.

#### E. Step Five.

Plaintiff argues that the step five findings are not supported because the ALJ posed an incomplete hypothetical to the vocational expert. ECF No. 19 at 20-21. This argument is premised on successfully showing that the ALJ erred in his treatment of the symptom statements and medical opinions. Because the Court

finds that the ALJ did not harmfully err in his treatment of Plaintiff's symptom statements and the medical evidence, the argument is also without merit.

## VII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 22**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 21, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 15